UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEXIS MUNOZ,

    Petitioner,

vs.          Case No. 2:09-cv-115-FtM-29DNF
            Case No. 2:01-cr-49-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

   This matter comes before the Court on petitioner Pexis Munoz's otion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #151)[1] and supporting Memorandum (Cv. Doc. #2, Cr. Doc. #152), both filed on February 26, 2009. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on April 23, 2009 (Cv. Doc. #9). Petitioner thereafter filed a Reply (Cv. Doc. #10). For the reasons set forth below, the motion is dismissed.

   Pursuant to a written Plea Agreement (Cr. Doc. #71), petitioner Pexis Munoz (petitioner or Munoz) pleaded guilty to three counts of a First Superceding Indictment. At sentencing the

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Court determined that petitioner qualified as a career offender under Sentencing Guidelines § 4B1.1 and as an armed career offender under 18 U.S.C. § 924(e). On March 18, 2002, petitioner was sentenced to 262 months imprisonment as to Counts One and Four and a consecutive 60 months imprisonment as to Count Three. No direct appeal was filed, nor was any prior post-conviction motion.

In the current § 2255 motion, petitioner asserts that his sentence must be vacated because intervening case law establishes that two of his prior convictions which were counted towards his career offender and armed career criminal status are not qualifying offenses. Petitioner asserts that under Begay v. United States, 128 S.Ct. 1581 (2008) and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), his prior convictions for carrying a concealed firearm and resisting an officer with violence are not crimes of violence. The United States asserts in part that the motion was filed well beyond the one year statute of limitation period under § 2255, and that Begay and Archer are not retroactive.

It is clear in light of Begay that carrying a concealed firearm is no longer considered a crime of violence in the Eleventh Circuit. Archer, 531 F.3d at 1352. However, the Eleventh Circuit has also held that Begay/Archer cannot apply retroactively to a § 2255 proceeding. United States v. Coley, No. 08-15962, 2009 WL 2019859 (11th Cir. July 14, 2009). Since these cases do not apply retroactively, the § 2255 motion is untimely and must be dismissed.

In light of Hunter v. United States, 559 F.3d 1188 (11th Cir. 2009), no certificate of appealability will be granted in this case.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   13th   day of August, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pexis Munoz