```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PEXIS MUNOZ,

        Petitioner,

v.                                    Case No:  2:09-cv-115-FtM-29DNF
                                       Case No. 2:01-CR-49-FTM-29DNF
UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion to Reopen and Reurge Previously Filed Motion for Post-Conviction Relief Under 28 U.S.C. 2255 Pursuant to Federal Rule of Civil Procedure 60 (Cv. Doc. #17; Cr. Doc. #159)[1] filed on June 1, 2015. The United States' Response (Cv. Doc. #19; Cr. Doc. #160) was filed on July 2, 2015.  On May 17, 2016, the Court appointed the Federal Public Defender's Office to review petitioner's case, and to file a supplement or reply or seek leave to file a successive petition if appropriate.  (Cv. Doc. #20.)

On September 5, 2001, petitioner and his co-defendants were charged in a five-count First Superseding Indictment (Cr. Doc.

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

#44) with (1) Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine, (2) Possession With Intent to Distribute 500 Grams or More of Cocaine, (3) Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and as to petitioner only, (4) Possession of a Firearm by a Convicted Felon as an Armed Career Criminal.[1]  Count Four identified four predicate offenses:  Carrying a Concealed Firearm in violation of Fla. Stat. § 790.01(2); Battery on a Law Enforcement Officer in violation of Fla. Stat. §§ 784.03 and 784.07; Robbery in violation of Fla. Stat. § 812.13(2)(c); and Resisting Arrest with Violence in violation of Fla. Stat. § 843.01.  (Id.)

Pursuant to a Plea Agreement (Cr. Doc. #71), petitioner pled guilty to Counts One, Three, and Four.  In the Factual Basis of the Plea Agreement, petitioner admitted that he had been convicted of all four of the offenses identified in the First Superseding Indictment (Cr. Doc. #71, p. 19.)

The Presentence Report reflects that petitioner qualified as a career offender under Sentencing Guidelines §4B1.1 and as an Armed Career Criminal under the ACCA.  The calculation of petitioner's Sentencing Guidelines range was driven by his career offender status, which resulted in a base offense level of 37.  After receiving a three level reduction for acceptance of

---

[1] Count Five pertains to co-defendant Alexander Diaz only.

responsibility, petitioner's adjusted base offense level was 34. Defendant was a Criminal History Category of VI, both because of the extent of his criminal convictions and because of his career offender status. With an Adjusted Offense Level of 34 and a Criminal History Category of VI, petitioner's Sentencing Guidelines range was 262 to 327 months imprisonment.

On March 18, 2002, petitioner was sentenced to concurrent terms of 262 months imprisonment on Counts One and Four, followed by a consecutive 60 months imprisonment on Count Three (Cr. Docs. ## 109, 110.) Concurrent 60 month terms of supervised release were also imposed. Count Two was dismissed. Petitioner did not file a timely direct appeal.

On September 29, 2003, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cr. Doc. #123), which was denied as time-barred. (Cr. Doc. #129.) Petitioner's appeal was dismissed for want of prosecution.[2] On February 26, 2009, petitioner filed another Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #151). Petitioner asserted that the intervening cases of Begay v. United States, 128 S. Ct. 1591 (2008) and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008) established that he did

---

2 See Case No. 2:03-cv-568-FTM-29SPC, Doc. #24.

not have a sufficient number of predicate convictions to qualify as a career offender under either the Sentencing Guidelines or the ACCA. (Cv. Docs. ## 1-2.) On August 13, 2009, the undersigned issued an Opinion and Order (Cv. Doc. #11) dismissing petitioner's § 2255 motion as untimely because <u>Begay</u> and <u>Archer</u> were not retroactive. Judgment (Cv. Doc. #12) was entered the next day. Petitioner appealed that decision, and on January 19, 2010, the Eleventh Circuit Court of Appeals denied a certificate of appealability because the § 2255 motion was barred by the one-year statute of limitations period and petitioner was not entitled to equitable tolling. (Cv. Doc. #16).

On December 24, 2013, the Eleventh Circuit held that the rule announced in <u>Begay</u> applied retroactively to cases on collateral review. <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1276-77 (11th Cir. 2013) (holding "that the new rule announced in <u>Begay</u> applies retroactively for purposes of a first § 2255 motion. . . ."). <u>See also</u> <u>Mackey v. Warden, FCC Coleman-Medium</u>, 739 F.3d 657, 662 (11th Cir. 2014). On June 26, 2015, the Supreme Court found the residual clause of the ACCA was unconstitutionally vague and invalid in <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review in <u>Welch v. United States</u>, 136 S. Ct. 1257, 1260 (2016).

Petitioner's present motion seeks to reopen this § 2255 motion, arguing that the case law since his sentencing establishes

he does not have a sufficient number of predicate convictions to qualify under the ACCA or as a career offender under the Sentencing Guidelines.

On June 2, 2016, the Court appointed the Federal Public Defender to represent petitioner in his underlying criminal case. (Cr. Doc. #163.)  On June 21, 2016, the Eleventh Circuit Court of Appeals granted leave to file a successive petition because he made a *prima facie* of a Johnson v. United States, 135 S. Ct. 2551 (2015) claim "only as to his § 922(g) conviction for possession of a firearm by a convicted felon" related to Count Four of the (First Superseding) Indictment.  (Cr. Doc. #169, p. 8.)  The same day, the Federal Public Defender filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody and a new case, Case No. 2:16-cv-491-FTM-29MRM, was opened. (Cr. Doc. #170.)

In light of the new and pending § 2255 case, the Court finds no exceptional circumstances which would justify allowing petitioner to reopen his original § 2255 motion under Rule 60(b), or otherwise.  Therefore, petitioner's current motion for reconsideration in this case will be denied.

Accordingly, it is hereby

**ORDERED:**

Petitioner's Motion to Reopen and Reurge Previously Filed Motion for Post-Conviction Relief Under 28 U.S.C. 2255 Pursuant to

Federal Rule of Civil Procedure 60 (Cv. Doc. #17; Cr. Doc. #159) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record